**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| UBS AG,<br><br>      *Plaintiff*,<br><br>      v.<br><br>UBS DIVERSIFIED FX ADVISORS, LLC,<br>UBS DIVERSIFIED FX GROWTH, LP,<br>UBS DIVERSIFIED FX MANAGEMENT, LLC,<br>UBS DIVERSIFIED GROWTH LLC,<br>UNIVERSAL BROKERAGE SERVICES, LLC,<br>PATRICK KILEY, GERALD DURAND,<br>CHRISTOPHER PETTENGILL and TIM<br>DALEY,<br><br>      *Defendants*. | CASE NO.<br><br><br><br><u>**COMPLAINT**</u><br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiff UBS AG ("Plaintiff"), by its attorneys, for its Complaint alleges as follows against Defendants UBS Diversified FX Advisors, LLC, UBS Diversified FX Growth, LP, UBS Diversified FX Management, LLC, UBS Diversified Growth LLC, (hereinafter referred to collectively as "the UBS Diversified Companies") Universal Brokerage Services, LLC ("Universal Brokerage"), Patrick Kiley ("Kiley"), Gerald Durand ("Durand"), Christopher Pettengill ("Pettengill") and Tim Daley ("Daley") (collectively referred to as "Defendants"):

**THE PARTIES**

1. Plaintiff is a corporation organized and existing under the laws of Switzerland with a principal place of business at Bahnhofstrasse 45, CH-8001 Zurich, Switzerland.

2. Upon information and belief, Defendant UBS Diversified FX Advisors, LLC is a limited liability company organized and existing under the laws of the State of Minnesota with an address of 12644 Tiffany Court, Burnsville, Minnesota 55337.

3. Upon information and belief, Defendant UBS Diversified FX Growth, LP, is a limited partnership organized and existing under the laws of the State of Minnesota with an address of 12644 Tiffany Court, #100, Burnsville, Minnesota 55337.

4. Upon information and belief, Defendant UBS Diversified FX Management, LLC, is a limited liability company organized and existing under the laws of the State of Minnesota with an address of 12644 Tiffany Court, #100, Burnsville, Minnesota 55337.

5. Upon information and belief, Defendant UBS Diversified Growth LLC, is a limited liability company organized and existing under the laws of the State of Minnesota with an address of 3140 Harbor Lane, Suite 223-A, Plymouth, Minnesota 55447.

6. Upon information and belief, Defendant Universal Brokerage Services, LLC, is a limited liability company organized and existing under the laws of the State of Minnesota. The records of the Minnesota Secretary of State indicated that Defendant Universal Brokerage Services has an address of 3140 Harbor Lane, #223, Plymouth, Minnesota 55447. Upon information and belief, Defendant Universal Brokerage Services has a business address of 12644 Tiffany Court, #100, Burnsville, Minnesota 55337.

7. Upon information and belief, Defendant Kiley is the registered agent with the Minnesota Secretary of State's Office for UBS Diversified FX Advisors, LLC, UBS Diversified Growth, LLC, and UBS Diversified FX Management, LLC. Upon information and belief, Kiley resides in the State of Minnesota and works at 12644 Tiffany Court, #100, Burnsville, Minnesota 55337.

8. Upon information and belief, Defendant Durand is the owner of the various defendants operating under the name "UBS Diversified" and resides in Minnesota and works at 12644 Tiffany Court, #100, Burnsville, Minnesota 55337.

9. Upon information and belief, Defendant Pettengill resides in the State of Minnesota and works at 1550 Utica Ave. S, Suite 945, St. Louis Park, Minnesota 55416. *See* http://www.theoxfordpcg.com/contactus/.

10. Upon information and belief, Defendant Daley resides in the State of Minnesota and works at 12644 Tiffany Court, Suite #100, Burnsville, Minnesota 55337.

## JURISDICTION AND VENUE

11. This is a civil action for trademark infringement, unfair competition, anti-cybersquatting, injunctive relief, and damages arising under the United States Trademark Act, 15 U.S.C. §§ 1051 *et seq.,* and unfair competition and dilution under the laws of the State of Minnesota. The amount in controversy exceeds the sum of $75,000. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c). On information and belief, all of the Defendants reside and do business in the State of Minnesota and are subject to the personal jurisdiction of this Court.

## BACKGROUND

### Plaintiff's Activities in Connection with the UBS Trademark

13. Plaintiff is one of the world's leading financial firms and offers a wide variety of financial services, including banking, investment banking, securities brokerage, and related services.

14. Plaintiff owns and uses the mark UBS to identify and distinguish its services from those of others.

15. Plaintiff's mark is inherently distinctive, strong, famous, and deserving of a broad scope of protection.

16. Since at least as early as 1962, Plaintiff has been using the UBS mark in commerce in connection with a wide range of financial services, including banking, investment banking, and securities brokerage services.

17. Plaintiff owns a number of federal registrations for the UBS mark, including Reg. No. 1,573,828 ("the '828 Registration"), which is incontestable pursuant to 15 U.S.C. § 1065. A copy of the '828 Registration is attached as Exhibit A.

18. Plaintiff's registration is valid, subsisting, and conclusive evidence of the validity of the mark, Plaintiff's ownership of the mark, and Plaintiff's exclusive right to use the mark in commerce on or in connection with the goods and services specified therein.

19. Plaintiff owns and uses the website www.ubs.com. The "ubs.com" domain name was registered on February 15, 1993 and the website has been in existence since 1993.

20. In recent years, Plaintiff's UBS mark has become increasingly well known in the United States because of Plaintiff's extensive advertising of its financial services offered under the UBS mark in this country. Plaintiff has spent millions of dollars to market, advertise, and promote the UBS brand in the United States.

**DEFENDANTS' INFRINGING ACTIVITIES**

21. Upon information and belief, Universal Brokerage began doing business in 2004 under the assumed name "UBS Diversified".

22. Upon information and belief, the UBS Diversified Companies, Kiley, Durand, and Pettengill began doing business in 2004 under the name "UBS Diversified" and continue to do business under the "UBS Diversified" name.

23. Upon information and belief, Daley has offered in the past and continues to offer services under the name "UBS Diversified."

24.     Defendants have provided and continue to provide financial services under the UBS mark. Attached as Exhibit B hereto is a true and correct copy of an advertising brochure entitled "Federal Funds Income Advantage" that, upon information and belief, has been circulated by the Defendants (hereinafter "Advertising Brochure"). The Advertising Brochure expressly identifies UBS Diversified at 12644 Tiffany Court Suite #100, Burnsville, MN 55337 as the entity to contact regarding the opportunity to invest in the fund. The Advertising Brochure also states "For Applications or Questions / 1-888-292-8206 / www.patkiley.com." Attached as Exhibit C is a true and correct copy of a business card for Daley which identifies him as a "Senior Financial Strategist/Technical Analyst" and provides an address of 12644 Tiffany Court Suite #100, Burnsville, MN 55337 (hereinafter "Business Card"). Attached as Exhibit D is a true and correct copy of a February 21, 2007 letter from Durand soliciting business on behalf of UBS Diversified (hereinafter "Durand Letter"). The Durand Letter states that "UBS Diversified is a registered financial advisory firm" and expressly refers to "UBS Diversified" as "UBS". The Durand Letter also identifies the address for UBS Diversified as 12644 Tiffany Court, #100, Burnsville, Minnesota 55337 and uses the UBS mark in the letterhead. The Durand Letter also provides references, one of which is "The Oxford," which has an address in St. Louis Park, Minnesota. Attached as Exhibit E is a true and correct copy of the contacts website for The Oxford Private Client Group in St. Louis Park, Minnesota which identifies Defendant Pettengill as a Director. Attached as Exhibit F is a true and correct copy of an undated letter from Kiley soliciting business (hereinafter "Kiley Letter"). The Kiley Letter expressly identifies Universal Brokerage as "UBS" and states that "UBS is a registered financial advisory firm…." The Kiley Letter identifies the address of Universal Brokerage as 12644 Tiffany Court, #100, Burnsville, Minnesota 55337, uses the UBS mark in the letterhead and provides a web address of

www.patkiley.com. The Kiley Letter, Durand Letter and Business Card all use the same letterhead and business address.

25. Defendants have used in the past and continue to use the domain name www.ubsdiversified.com. Defendants had established a website accessible by that domain name to advertise their financial services over the Internet using the name UBS Diversified. The domain name was originally registered by Defendant Pettengill on August 1, 2006. Both the Advertising Brochure and Business Card business card provide a web address of www.ubsdiversified.com. Attached as Exhibit G is a true and correct copy of the home page for the www.ubsdiversified.com website.

26. In addition, upon information and belief, two additional domain names are used by Defendants to support the "ubsdiversified.com" website. These additional domain names include www.ubsdiversified.net and www.ubsdiversified.org. Attached as Exhibit H is a true and correct copy of the login page that can be found on the "ubsdiversified.net" site. (Collectively, the www.ubsdiversified.com, www.ubsdiversified.net, and www.ubsdiversified.org domain names are hereinafter referred to as the "Domain Names"). The www.universalbrokerageservices.com website is also used to direct customers to the "ubsdiversified" domain. A true and correct copy of the home page of the www.universalbrokerageservices.com website is attached as Exhibit I.

27. Upon information and belief, Defendants are either the owners of the Domain Names or are individually or collectively the authorized licensees of the registrant of the Domain Names.

28. Upon information and belief, Defendant Pettengill has registered at least twenty two other domain names that include the UBS mark. These additional domain names include: www.ubsglobaladvisors.com; www.ubsglobaladvisory.com; www.ubsadvisors.com;

www.ubsassetadvisors.com; www.ubsassetadvisory.com; www.ubsassetmgmt.com; www.ubsportfoliomanagement.com; www.ubsoffshore.com; www.ubsoffshoremanagement.com; www.ubsassetmanagers.com; www.ubsforexonline.com; www.ubsfxonline.com; www.ubsswitzerland.com; www.ubsamerica.com; www.ubsengland.com; www.ubseurope.com; www.ubsdubai.com; www.ubssaudi.com; www.ubstaiwan.com; www.ubsprc.com; www.ubsbermuda.com; and www.ubsisleofman.com (hereinafter collectively referred to as "The Pettengill Domain Names").

29.     Upon information and belief, Durand is an owner of the UBS Diversified Companies and has actively and knowingly directed the use of the UBS mark and the Domain Names.

30.     Upon information and belief, Kiley has acted in concert with Durand to actively and knowingly direct the use of the UBS mark and the Domain Names.

31.     Upon information and belief, Pettengill has acted in concert with Durand and Kiley to actively and knowingly direct the use of the UBS mark and the Domain Names.

32.     Upon information and belief, Daley has acted in concert with Durand and Kiley to actively and knowingly direct the use of the UBS mark and the Domain Names.

33.     As a direct result of Defendants' use of the UBS mark and Domain Names, there has been actual confusion in the marketplace by relevant potential consumers.

**COUNT I**

**Federal Trademark Infringement – 15 U.S.C. § 1114**

34.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

35.     This Count states a claim arising under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and is an action for infringement of Plaintiff's UBS mark.

36. Defendants have been and continue to infringe Plaintiff's UBS mark by the selling, offering for sale, distributing, and advertising of financial services under a mark containing the letters "UBS," which is confusingly similar to Plaintiff's UBS mark.

37. Defendants' use of the UBS mark and the Domain Names in connection with its services, without Plaintiff's explicit or implicit consent, is intended to and is likely to cause confusion, to cause mistake, and to deceive, and has, upon information and belief, in fact, caused confusion and mistake and deceived consumers and potential consumers of such services.

38. Defendants will continue to infringe Plaintiff's UBS mark and cause irreparable harm unless enjoined by this Court.

39. Defendants' services are rendered in the same channels of trade as Plaintiff's services.

40. Defendants' services and Plaintiff's services are encountered by the same purchasers under circumstances that could give rise to the mistaken belief that the services emanate from a common source.

41. There is no affiliation, connection, or association between Plaintiff and Defendants that would permit Defendants to use Plaintiff's UBS mark. Plaintiff does not sponsor or approve Defendants' services, nor is Plaintiff the origin of Defendants' services.

42. Defendants' activities result in a violation of Section 32 of the Lanham Act, and, upon information and belief, Defendants' violation is and has been willful, intentional, and in conscious disregard of Plaintiff's rights.

43. As a direct result of Defendants' unlawful conduct, Plaintiff has been and will continue to be irreparably and substantially harmed and injured. If Defendants' infringement is permitted to continue, Plaintiff will sustain further loss, damage, and irreparable injury. Plaintiff

is further entitled to all other remedies set forth in Sections 35 and 36 of the Lanham Act, 15 U.S.C. §§ 1117 and 1118.

44. As a result of Defendants' violation of Section 32 of the Lanham Act, Plaintiff is entitled to recover damages of at least $75,000, the precise amount to be determined at trial. Plaintiff is also entitled to recover Defendants' profits earned as a result of their violation of Section 32 of the Lanham Act. Plaintiff is further entitled to preliminary and permanent injunctive relief enjoining Defendants from further and continuing violation of Section 32 of the Lanham Act.

## COUNT II

### False & Misleading Designation of Origin – 15 U.S.C. § 1125(a)

45. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

46. This Count states a claim arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and is an action for unlawful use of Plaintiff's UBS mark.

47. Defendants' use of the UBS mark or any mark containing the letters "UBS" in commerce on or in connection with business and financial services, and the use of the Domain Names, is likely to cause confusion, cause mistake, and deceive as to an affiliation, connection, or association between Plaintiff and Defendants.

48. Defendants' use of the UBS mark or any mark containing the letters "UBS" in commerce on or in connection with business and financial services, and the use of the Domain Names, is likely to cause confusion, cause mistake, or deceive as to the origin, sponsorship, or approval of Defendants' services by Plaintiff.

49. Defendants' use of the UBS mark in commerce or any mark containing the letters "UBS" on or in connection with business and financial services, and the use of the Domain

Names, misleads consumers and potential consumers into mistakenly believing that Defendants are an agent of or otherwise connected with Plaintiff.

50. Defendants' activities constitute a violation of Section 43(a) of the Lanham Act. 15 U.S.C. § 1125(a).

51. Upon information and belief, Defendants' violation of Section 43(a) of the Lanham Act is and has been willful, intentional, and in conscious disregard of Plaintiff's rights.

52. As a direct result of Defendants' unlawful conduct, Plaintiff has been and will continue to be irreparably and substantially harmed and injured. If Defendants' infringement is permitted to continue, Plaintiff will sustain further loss, damage, and irreparable injury.

53. As a result of Defendants' violation of Section 43(a) of the Lanham Act, Plaintiff is entitled to recover damages of at least $75,000, the precise amount to be determined at trial. Plaintiff is also entitled to recover Defendants' profits earned as a result of its violation of Section 43(a) of the Lanham Act. Plaintiff is further entitled to preliminary and permanent injunctive relief enjoining Defendants from further and continuing violation of Section 43(a) of the Lanham Act. Plaintiff is further entitled to all other remedies set forth in Sections 35 and 36 of the Lanham Act, 15 U.S.C. §§ 1117 and 1118.

## COUNT III

### Trademark Infringement Under Minnesota Law

54. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

55. The above acts by Defendants violate Plaintiff's trademark rights under Minnesota common law.

56. Defendants' use of the UBS mark or any mark containing the letters "UBS" in commerce in the State of Minnesota on or in connection with business and financial services

misleads consumers and potential consumers into mistakenly believing that Defendants are an agent of or otherwise connected with Plaintiff in violation of the common law.

57. Upon information and belief, Defendants' violation of the state common law is willful, intentional, and in conscious disregard of Plaintiff's rights.

58. As a direct result of Defendant's unlawful conduct, Plaintiff has been and will continue to be irreparably and substantially harmed and injured.

59. Plaintiff has suffered and will continue to suffer irreparable harm if Defendants are allowed to continue to use the UBS mark or any mark containing the letters "UBS."

## COUNT IV

### Minnesota Common Law of Unfair Competition

60. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

61. Defendants' use of the UBS mark or any mark containing the letters "UBS" in commerce in the State of Minnesota on or in connection with business and financial services is likely to cause confusion or misunderstanding as to the source, sponsorship, approval, affiliation, connection, association or certification of Defendants' services by Plaintiff in violation of the common law on unfair competition.

62. Defendants' use of the UBS mark or any mark containing the letters "UBS" in commerce in the State of Minnesota on or in connection with business and financial services misleads consumers and potential consumers into mistakenly believing that Defendants are an agent of or otherwise connected with Plaintiff in violation of the common law.

63. Upon information and belief, Defendants' violation of the state common law of unfair competition is willful, intentional, and in conscious disregard of Plaintiff's rights.

64. As a direct result of Defendant's unlawful conduct, Plaintiff has been and will continue to be irreparably and substantially harmed and injured.

65. Plaintiff has suffered and will continue to suffer irreparable harm if Defendants are allowed to continue to use the UBS mark or any mark containing the letters "UBS."

## COUNT V

### Federal Dilution

66. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

67. Plaintiff's UBS mark is distinctive and famous within the meaning of 15 U.S.C. § 1125(c).

68. Defendants have made, and are continuing to make, use in commerce of a mark that is likely to cause dilution by blurring and dilution by tarnishment by impairing the distinctive quality of, and harming the reputation of, Plaintiff's UBS mark, in violation of 15 U.S.C. § 1125(c).

69. Defendants have willfully intended to trade on the recognition of, and harm the reputation of, Plaintiff's famous UBS mark.

70. As a result of Defendants' acts of dilution, Plaintiff has suffered and continues to suffer actual injury to the economic value of its famous mark.

71. As a result of Defendants' acts of dilution, Plaintiff is now suffering irreparable harm for which it has no adequate remedy at law.

72. As a result of Defendants' acts of dilution, Plaintiff is also suffering and incurring damages.

73. Unless and until Defendants are enjoined by this Court, Defendants will continue to commit acts of dilution and will continue to cause irreparable harm to Plaintiff.

74. Because Defendants' acts of dilution are and have been willful, Plaintiff is also entitled to recover from Defendants treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT VI

### Trademark Dilution Under Minnesota Law

75. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

76. The above acts by Defendants constitute trademark dilution under Minnesota Statutes § 333.285 and under Minnesota common law.

77. Plaintiff is entitled to monetary damages and injunctive relief prohibiting Defendants from using Plaintiff's UBS mark, the Domain Names, and any other trade name or mark or domain name that is likely to dilute or be confused with the UBS mark, or otherwise unfairly compete with Plaintiff.

78. Defendants have willfully intended to trade on the recognition of, and harm the reputation of, Plaintiff's famous UBS mark.

79. As a result of Defendants' acts of dilution, Plaintiff has suffered and continues to suffer actual injury to the economic value of its famous mark.

80. As a result of Defendants' acts of dilution, Plaintiff is now suffering irreparable harm for which it has no adequate remedy at law.

81. As a result of Defendants' acts of dilution, Plaintiff is also suffering and incurring damages.

82. Unless and until Defendants are enjoined by this Court, Defendants will continue to commit acts of dilution and will continue to cause irreparable harm to Plaintiff.

83. Because Defendants' acts of dilution are and have been willful, Plaintiff is also entitled to recover from Defendants treble damages and reasonable attorneys' fees.

## COUNT VII

**Defendants' Violation of the Anti-Cybersquatting Consumer Protection Act**

84. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

85. Defendants' Domain Names incorporate Plaintiff's entire UBS mark and are identical or confusingly similar to Plaintiff's UBS mark.

86. Plaintiff's UBS mark was distinctive and famous at the time of the registration of the Domain Names.

87. On information and belief, Defendants had and continue to have a bad faith intent to profit from the Domain Names as evidenced by, among other things, an intent to divert for commercial gain consumers from UBS AG to a site accessible by the Domain Names that harms the goodwill represented by the UBS mark. Defendants' bad faith is also evidenced by their intent to tarnish or disparage the UBS mark and by creating a likelihood of confusion as to source, sponsorship or affiliation between Defendants and Plaintiff. Defendants' bad faith is also evidenced by Pettengill's registration of twenty-two other domain names incorporating the UBS mark. Defendants had and continue to have a bad faith intent to willfully infringe and misuse the UBS mark to divert customers.

88. Defendants' activities in using the Domain Names constitute a violation of 15 U.S.C. § 1125(d).

89. As a direct and proximate result of Defendants' unlawful activities, Plaintiff is entitled to recover actual or statutory damages, the precise amount to be determined at trial, and its attorneys' fees pursuant to 15 U.S.C. § 1117.

90.     As a direct and proximate result of Defendants' unlawful activities, Plaintiff is now suffering irreparable harm for which it has no adequate remedy at law. Unless and until Defendants are enjoined by this Court, Defendants will continue their unlawful activities and will continue to cause irreparable harm to Plaintiff.

## COUNT VIII

**Pettengill's Violation of the Anti-Cybersquatting Consumer Protection Act**

91.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

92.     The Pettengill Domain Names incorporate Plaintiff's entire UBS mark and are identical or confusingly similar to Plaintiff's UBS mark.

93.     Plaintiff's UBS mark was distinctive and famous at the time of the registration of The Pettengill Domain Names.

94.     On information and belief, Pettengill had and continues to have a bad faith intent to profit from The Pettengill Domain Names as evidenced by, among other things, registration of twenty-two domain names incorporating the UBS mark and registration of the Domain Names, which are used to divert customers away from Plaintiff.

95.     Pettengill's registration of The Pettengill Domain Names constitutes a violation of 15 U.S.C. § 1125(d).

96.     As a direct and proximate result of Pettengill's unlawful activities, Plaintiff is entitled to recover the maximum statutory damages and its attorneys' fees pursuant to 15 U.S.C. § 1117.

97.     As a direct and proximate result of Pettengill's unlawful activities, Plaintiff is now suffering irreparable harm for which it has no adequate remedy at law. Unless and until

Pettengill is enjoined by this Court, Pettengill will continue its unlawful activities and will continue to cause irreparable harm to Plaintiff.

## COUNT IX

### Deceptive Trade Practices Under Minnesota Law

98. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

99. The above acts by Defendants constitute deceptive trade practices under Minnesota Statutes § 325D.44.

100. Plaintiff is entitled to monetary damages and injunctive relief prohibiting Defendants from using Plaintiff's UBS mark, the Domain Names, and any other trade name or mark or domain name that is likely to dilute or be confused with the UBS mark, or otherwise unfairly compete with Plaintiff.

101. Defendants have willfully intended to trade on the recognition of, and harm the reputation of, Plaintiff's UBS mark.

102. As a result of Defendants' deceptive trade practices, Plaintiff has suffered and continues to suffer actual injury to the economic value of its famous mark.

103. As a result of Defendants' deceptive trade practices, Plaintiff is now suffering irreparable harm for which it has no adequate remedy at law.

104. As a result of Defendants' deceptive trade practices, Plaintiff is also suffering and incurring damages.

105. Unless and until Defendants are enjoined by this Court, Defendants will continue to commit deceptive trade practices and will continue to cause irreparable harm to Plaintiff.

106. Because Defendants' deceptive trade practices are and have been willful, Plaintiff is also entitled to recover from Defendants treble damages and reasonable attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

A.      Preliminarily and permanently enjoining Defendants, their agents, servants, licensees, partners, affiliates, independent sales organizations, employees and assigns, and all those acting under the authority of or in privity with it from infringing Plaintiff's mark, in any way using Plaintiff's mark on or in connection with any website or in meta data, engaging unfair competition, violating the Lanham Act, violating the laws of the State of Minnesota, and from further registering any domain name containing the UBS mark;

B.      Ordering Defendants to cease and desist from use of the UBS mark and the Domain Names;

C.      Ordering Defendants to transfer to Plaintiff the Domain Names and The Pettengill Domain Names, and any additional domain names incorporating the UBS mark;

D.      Destroying or otherwise rendering innocuous all of Defendants' promotional material bearing the UBS mark including, but not limited to, marketing materials, brochures, advertisements, business cards, letters, postcards, and all Internet websites;

E.      Directing that the Defendants, within thirty (30) days after having been served with judgment, with notice of entry upon it, be required to file with this Court and to serve upon Plaintiff, a written report, under oath, setting forth in detail, the manner in which Defendants have complied with Paragraphs A-D above;

F.      Directing an accounting to be had of Defendants' sales and profits derived from its unlawful activities;

G.      Awarding Plaintiff damages adequate to compensate Plaintiff for Defendants' trademark infringement, unfair competition, and trademark dilution;

H. Awarding Plaintiff the maximum statutory damages for Defendants' bad faith intent to register and use the Domain Names, The Pettengill Domain Names, and the additional domain names incorporating the UBS mark;

I. Awarding Plaintiff Defendants' profits resulting from the sales of financial services under or in connection with the UBS mark;

J. Awarding threefold the damages, costs, and attorneys fees sustained by Plaintiff by reason of Defendants' unlawful conduct alleged herein;

K. Awarding Plaintiff its reasonable attorneys' fees under 15 U.S.C. § 1117 and any other applicable statute(s);

L. Awarding costs in an amount to be determined at trial; and

M. Granting such other and further relief as this Court deems just and proper.

Dated: September 5, 2007

Respectfully submitted,

ANTHONY OSTLUND & BAER, P.A.

By  *s/ Courtland C. Merrill*
    Joseph W. Anthony, #2872
    Courtland C. Merrill, #311984
3600 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel. (612) 349-6969
Fax (612) 349-6996

Kevin T. Kramer
Stephanie F. Goeller
PILLSBURY WINTHROP
  SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037
Tel. (202) 663-8000
Fax (202) 663-8007

*Counsel for Plaintiff*
*UBS AG*